# EXHIBIT A

CSC

IN THE STATE COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHRISTOPHER SNELL,<br>c/o Skaar & Feagle, LLP<br>133 Mirramont Lake Drive<br>Woodstock, GA 30189<br><br>Plaintiff,<br><br>v.<br><br>ELEVATE CREDIT, INC.,<br>c/o Corporation ~~Service~~ Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808<br><br>Defendant. | : | CIVIL ACTION FILE<br><br>No. 16SC0244-AJ |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of the State Court of Cherokee County, 90 North Street, Canton, Georgia 30114, and serve upon the Plaintiff's attorney, to wit, whose name and address is:

Justin T. Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This March 28, 2016
(Date)

Mariam Pagan-Bidetti
Clerk
State Court of Cherokee County

COPY

FILED IN OFFICE
CLERK OF STATE COURT
CHEROKEE COUNTY, GA
2016 MAR 28 PM 2:02
PATTY BAKER, CLERK

IN THE STATE COURT OF CHEROKEE COUTNY
STATE OF GEORGIA

CHRISTOPHER SNELL,

Plaintiff,

v.

ELEVATE CREDIT, INC.
d/b/a RISE Credit,

Defendant.

Civil Action File No.

16SC0244-AJ

## CLASS ACTION COMPLAINT

1. Plaintiff CHRISTOPHER SNELL ("SNELL"), on behalf of himself and all others similarly situated, alleges defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by initiating non-emergency telephone calls using an automatic telephone dialing system to cellular telephone numbers without the prior express consent of the subscribers of those cellular telephone numbers.

## PARTIES AND PERSONAL JURISDICTION

2. Plaintiff, Christopher Snell, is a natural person residing in Cherokee County, Georgia and is authorized by law to bring this action.

3. Defendant Elevate Credit, Inc. is a corporation incorporated under the laws of the State of Delaware.

4. Elevate Credit, Inc. conducts business nationally, including throughout the state of Georgia and within Cherokee County, under the trade name "RISE Credit" or "RISE" [hereinafter Defendant referred to as "RISE"].

5. RISE is in the business of providing subprime loans over the internet.

6. In the course of its business, RISE initiated telephone calls to Plaintiff's cellular telephone within Cherokee County, Georgia.

7. RISE's telephone calls to Plaintiff's cellular telephone in Cherokee County, Georgia give rise to Plaintiff's causes of action.

8. RISE may be served by personal service upon its registered agent in the State of Delaware, to wit: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

9. Alternatively, RISE may be served by personal service upon any authorized officer or agent at its principle place of business, to wit: 4150 International Plaza, Suite 300, Forth Worth, TX 76109.

10. RISE is subject to the jurisdiction and venue of this Court.

## STATEMENT OF FACTS

11. Plaintiff is the subscriber of cellular telephone services from Cellco Partnership, d/b/a Verizon Wireless, for telephone number (404) 520-7869.

12. In 2015, RISE began a collection campaign directed at Plaintiff regarding a loan that Plaintiff never obtained.

13. As part of its collection campaign, RISE initiated telephone calls to (404) 520-7869.

14. On multiple occasions, Plaintiff answered the call and informed RISE that he never had a loan with RISE and requested that RISE stop calling.

15. Specifically, on September 5, 2015 Plaintiff answered a telephone call from RISE.

16. When Plaintiff answered the September 5, 2015 telephone call, a "chime" noise played, followed by a brief pause, followed by an agent finally answering the line 8 seconds into the call by stating "Christopher Snell."

17. In the September 5, 2015 call, Plaintiff specifically informed RISE that the number it was calling was his cellular telephone number and requested that RISE cease calling that number.

18. In the September 5, 2015 call, RISE informed Plaintiff that RISE could not remove his telephone number because "we have to have some way to contact you."

19. Despite Plaintiff never obtaining an account from RISE and specifically asking RISE not to call him, RISE continued calling Plaintiff several times a day.

20. For example, RISE called Plaintiff's cellular telephone number no less than 12 times on September 11, 2015.

21. On several occasions, Plaintiff would answer telephone calls which resulted in "dead air" or "abandoned" calls in which he never was able to speak to a representative of RISE.

22. RISE maintains contact center software which connects to its telephony hardware and has the capacity make telephone calls without a human personally dialing each telephone number at the time of the call.

23. The telephone calls to (404) 520-7869 were initiated using RISE's contact center software.

18. RISE's contact center software stores telephone numbers.

19. RISE's contact center software dials from a database of stored telephone numbers either at random or in some sequence, either preset or determined by algorithm.

20. RISE's contact center software has the capacity to dial from a list of stored telephone numbers without human intervention.

21. RISE's telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

22. RISE never had Plaintiffs prior express consent to call his cellular telephone number.

23. The telephone calls to Plaintiff's cellular telephone number were knowingly and willfully initiated.

24. Defendant knew it did not have Plaintiff's consent to make the calls.

25. Defendant knew that Plaintiff's telephone number was a cellular telephone number.

26. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

27. It was the intent of RISE to initiate the telephone calls to (404) 520-7869.

28. Prior to the September 5, 2015 request to stop calling, RISE had actual or constructive notice that it did not have the consent of the Plaintiff at the time of initiating calls to (404) 520-7869.

29. After the September 5, 2015 request to stop calling, RISE had actual or constructive notice that it did not have the consent of the called party at the time of initiating further calls to (404) 520-7869

30. Prior to the September 5, 2015, RISE knew or should have known that (404) 520-7869 was a cellular telephone number at the time of initiating calls to (404) 520-7869.

31. After the September 5, 2015 request to stop calling, RISE knew or should have known that (404) 520-7869 was a cellular telephone number at the time of initiating calls to (404) 520-7869

32. In the alternative, RISE should have conducted a simple cell scrub using a recognized database, such as Neustar, to determine that (404) 520-7869 was a cellular telephone number.

33. The failure to properly scrub to determine whether (404) 520-7869 was a cellular telephone number was in reckless disregard to Defendant's obligations under the TCPA.

34. Eventually, Plaintiff disputed the RISE tradeline on his consumer report to Trans Union, LLC.

35. Upon receipt of notice of Plaintiff's dispute from Trans Union, LLC, RISE confirmed that Plaintiff did not open the account.

36. The telephone calls were annoying to plaintiff, invaded plaintiff's privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers.

37. Plaintiff has complied with all conditions precedent to bring this action.

## CLASS ACTION ALLEGATIONS

38. This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by RISE (ii) to such person's cellular telephone number (iii) using the same or similar telephone system(s) RISE, or any person on its behalf, used to call (404) 520-7869, (iv) in the four year period preceding the filing of this action; (v) excluded from the class are those persons who provided his or her cellular telephone number to RISE as to the debt that was being collected and who did not subsequently revoke their consent either in writing or verbally.

39. Plaintiff alleges a subclass of all such persons who requested that RISE cease calling.

40. In the alternative, Plaintiff alleges a subclass of all such persons whom RISE has determined did not open the account upon which RISE was calling.

41. The exact size of the class is information within the exclusive knowledge of the Defendant.

42. The class is so numerous that joinder of all members is impractical.

43. The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff himself received many calls to his cellular telephone from RISE, indicating

Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to his cellular telephone during the same day on multiple occasions; and 3) the sheer size and national scope of RISE's collection campaigns.

44. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

a. Whether RISE's dialing system(s) constitutes an automatic telephone dialing system under the TCPA and/or the FCC's rules; and

b. Whether the telephone calls were made knowingly or willfully.

45. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

46. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA robocall actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

47. Certification of the class under O.C.G.A. § 9-11-23(b)(3) is appropriate in that:

a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

48. Plaintiff requests certification of a class pursuant to O.C.G.A. § 9-11-23(b)(3) for monetary damages.

## CAUSES OF ACTION

## COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT ATDS VIOLATIONS

49. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

50. Defendant used an automatic telephone dialing system to make and/or initiate calls to plaintiff's cellular telephone number.

51. Defendant's violations of the TCPA include, but are not limited to, the following:

> Making and/or initiating telephone calls using an automatic telephone dialing system ... to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

52. As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of $500.00 for each such violation.

53. Defendant's violations were committed willfully and knowingly.

54. Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT TWO: BAD FAITH ATTORNEYS FEES

55. Defendant willfully, knowingly, and intentionally violated the TCPA in making autodialed telephone calls to Plaintiff's cellular telephone number without his consent.

56. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

57. "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

## JURY TRIAL DEMAND

58. Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

59. Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to

the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

A. Certification of this matter to proceed as a class action;

B. Damages pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Treble damages pursuant to 47 U.S.C. § 227(b)(3);

D. Attorney's fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11;

E. Costs of this Action; and

F. Such further and additional relief as the court deems just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

By: ______________________
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax